IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-00754-PAB-NYW

JASON G. KIBEL,
Plaintiff,

v.

DEAN WILLIAMS; MATHEW HANSEN; ROBERT CONKLIN; LEONARD WOODSON; and JASON GUIDRY,

Defendants.

## DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS

Defendants Dean Williams, Mathew Hansen, Robert Conklin, Leonard Woodson and Jason Guidry (collectively, "Defendants"), by and through their undersigned counsel, the Colorado Attorney General, hereby submit the following Motion to Dismiss Plaintiff Jason Kibel's Amended[1] Complaint (Doc. 25) pursuant to Fed. R. Civ. P. 12(b)(6). In support thereof, Defendants state as follows.

### STATEMENT OF CONFERRAL

Pursuant to D.C.COLO.LCivR.7.1(b), counsel did not confer with Mr. Kibel as he is an unrepresented individual who is incarcerated, and thus the duty to confer is inapplicable.

### STATEMENT OF THE CASE

Mr. Kibel is a *pro se* litigant presently incarcerated at Sterling Correctional Facility ("SCF") in the Colorado Department of Corrections ("CDOC"). He brings this lawsuit pursuant

---

[1] The Amended Complaint was deemed filed on May 30, 2019. (Doc. 25.) For the purposes of this Motion to Dismiss, the Complaint and Amended Complaint are substantially the same.

1

to 42 U.S.C. § 1983. Mr. Kibel asserts that in 2005, he was convicted of sex assault on a child and sentenced to eighteen years to life, and he is required to progress as a convicted sex offender through Colorado's Sex Offender Treatment and Monitoring Program ("SOTMP"), which was established by the Colorado Sex Offender Lifetime Supervision Act ("SOLSA"), in order to be released on parole. (Doc. 25, at p. 4, ¶ 1.) He further contends that he is not being provided with the sex offender treatment mandated by SOLSA, despite the fact that he is now eligible to be considered for parole, effectively barring his supervised release. (*Id.*, at p. 5, ¶ 3, 6.)

Mr. Kibel alleges that the failure to receive treatment is the result of a "random housing assignment" to a prison that does not offer access to the SOTMP (SCF). (*Id.* at ¶¶ 3, 4, 6.) His Amended Complaint goes on to describe the alleged involvement of the various Defendants. As set forth below, those details are not relevant to this Motion to Dismiss. Mr. Kibel acknowledges that pursuant to an administrative regulation, AR 700-19,[2] CDOC prioritizes certain patients and maintains a "global wait list," with the implication that when a prisoner "reaches the top of the list," he or she is then transferred to a prison at which treatment is available. (*Id.* at ¶ 6.) However, he alleges that this list is maintained in a manner in which not every prisoner who qualifies for treatment will "reach the top" and will be permitted to participate in the program. (*Id.*) Mr. Kibel does not specify or explain the manner in which the list is operated to preclude treatment for any particular individuals.

---

[2] Specifically, pursuant to AR 700-19, sex offender inmates within four years of their parole eligibility date are placed on the wait list. They are prioritized on that list based on (a) parole eligibility date, (b) risk of recidivism, (c) prior participation in the SOTMP, and (d) institutional behavior.

2

Mr. Kibel asserts one claim for relief under the Fourteenth Amendment, alleging that the actions and omissions of the Defendants constitute a violation of his rights protected under the due process clause of the United States Constitution. He seeks solely injunctive and declaratory relief, requesting an order directing Defendants to enact policy changes to "assure due process for SOTMP placement" and to transfer him to a prison that offers that treatment.

## STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure states that a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To avoid dismissal, a complaint must contain factual allegations that – when taken as true – establish a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plausibility requires more than mere conceivability. *See Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012). Put simply, a plaintiff "must include enough facts to 'nudge[ ] [his] claims across the line from conceivable to plausible.'" *Dennis v. Watco Cos., Inc.*, 631 F.3d 1303, 1305 (10th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Dismissal under Rule 12(b)(6) may also be based on the lack of a cognizable legal theory. *See Golan v. Ashcroft*, 310 F. Supp. 2d 1215, 1217 (D. Colo. 2004); *Scarbrough v. Coleman Co.*, No. 13-CV-00260-LTB-MEH, 2013 WL 3825248, at *1 (D. Colo. July 24, 2013). In that vein, a claim should be dismissed in the interest of judicial economy where a court can do so simply by resolving the basis of a dispositive issue of law. *See, e.g., Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989).

When resolving a Rule 12(b)(6) dismissal motion, a court should accept as true all well-pleaded factual allegations, and those allegations are construed in the light most favorable to the plaintiff.  *See Sec. & Exch. Comm'n v. Shields*, 744 F.3d 633, 640 (10th Cir. 2014).  Pure legal conclusions are not afforded such deference, and they will not be sufficient to avoid dismissal.  *See Dahn v. Amedei*, 867 F.3d 1178, 1185 (10th Cir. 2017).  Nor does a conclusory recitation of the elements of the cause of action meet this standard.  *See Twombly*, 550 U.S. at 555.

Finally, a court considering a Rule 12(b)(6) dismissal motion generally must limit its consideration to the four corners of the complaint, any exhibits attached thereto, and any external documents that are incorporated by reference.  *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).  However, it also may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity.  *See Alvarado v. KOB-TV LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007).

## ARGUMENT

**I.   Colorado inmates do not have a Fourteenth Amendment procedural due process right to unfettered access to sex offender treatment simply because they are close to or beyond their parole eligibility date.**

Mr. Kibel's sole claim is one under 42 U.S.C. § 1983 for violation of his Fourteenth Amendment due process rights.  Due process claims come in two forms – procedural and substantive.  *See United States v. Salerno*, 481 U.S. 739, 746 (1987); *Grant v. Royal*, 886 F.3d 874, 892 (10th Cir. 2018).  It is unclear from Mr. Kibel's Amended Complaint which of those he is bringing, so Defendants will err on the side of caution and assume that he asserts both types of due process claims.  They will begin by addressing his presumed procedural due process theory, and address his substantive due process claim in the following Section II.

4

"To make out a due process claim, appellant must assert the infringement of a protected liberty interest." *Ky. Dep't of Corrs. v. Thompson*, 490 U.S. 454, 460 (1989); *accord Fristoe v. Thompson*, 144 F.3d 627, 630 (10th Cir. 1998). A protected express liberty interest can arise from either the constitutional due process clause itself, or from a state or federal law. *See Fristoe*, 144 F.3d at 630 (citing *Thompson*, 490 U.S. at 460). Mr. Kibel's primary argument is that inmates convicted of a sex offense have a liberty interest in being placed into the SOTMP so that they actually could be released on parole when eligible, and that by failing to provide that treatment to him in a timely fashion – even though he has served his minimum sentence, and otherwise would be eligible for release on parole (or at least be able to be considered for release) – Defendants are infringing on that interest.

As explained below, this argument fails for three reasons: (1) Mr. Kibel has no liberty interest in being paroled prior to serving his full sentence; (2) Mr. Kibel generally has no liberty interest in receiving rehabilitative treatment, including sex offender treatment; and (3) numerous Tenth Circuit and other cases have held that in light of the lack of those purported liberty interests, a Colorado sex offender will have no right to unfettered access[3] to placement in that sex offender treatment program. Finally, as also addressed below, insofar as cases from other judges in the District of Colorado hold to the contrary, they involve distinguishable fact patterns, and/or they fail to address those contrary Tenth Circuit and District of Colorado authorities.

---

[3] Defendants particularly note that they are not arguing that Mr. Kibel has no liberty interest in participating in the SOTMP *at all*; they express no view on that issue. Instead, Defendants argue that Mr. Kibel has no liberty interest to access to the SOTMP outside of the prioritization process set forth in AR 700-19 – *i.e.*, he has no liberty interest in participating in the program at a time of his choosing.

5

### A. An inmate has no liberty interest in parole.

"[T]he grant of parole is wholly discretionary under Colorado's statutory parole scheme and thus does not create a legitimate expectation of release on the part of Colorado state prisoners. In other words, *the scheme does not create a liberty interest entitled to due process protection under the United States Constitution*." *Beylik v. Estep*, 377 Fed. App'x 808, 812 (10th Cir. 2010) (citing *Greenholtz v. Inmates of the Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979)) (internal citations omitted; emphasis added). This is no less true in the SOLSA context. *See, e.g., Lamar v. O'Dell*, 750 Fed. App'x 714, 716-17 (10th Cir. 2018); *Conkleton v. Raemisch*, 603 Fed. App'x 713, 716 (10th Cir. 2015).

Moreover, the fact that participation in the SOTMP – or at least beginning and progressing satisfactorily in that program – is a requirement before a sex offender can be paroled does not affect that analysis. Just because a sex offender successfully participates in or completes the SOTMP does not mean he must be paroled; to the contrary, the grant of parole is discretionary. *See Shirley v. Davis*, 521 Fed. App'x 647, 650 (10th Cir. 2013); *Beylik*, 377 Fed. App'x at 812. "Colorado's parole scheme for sex offenders is discretionary, with the parole board retaining its discretion to grant or deny parole *regardless of whether the treatment criteria have been met*…." *Conkleton*, 603 Fed. App'x at 716 (emphasis added).

If an incarcerated inmate has no liberty interest in release to parole *period*, logic dictates that he or she can have no liberty interest in unfettered access to one of the prerequisites for parole. *See, e.g., Saunders v. Williams*, 89 Fed. App'x 923, 924 (6th Cir. 2003) ("Since Saunders has neither a constitutional or inherent right to parole nor a protected liberty interest created by mandatory state parole laws, he cannot maintain a § 1983 claim based upon the alleged denial of

6

placement in a sex offender treatment program for parole eligibility purposes."). Mr. Kibel's claim should be dismissed for this reason alone.

### B. An inmate has no liberty interest in rehabilitative treatment.

In response to the settled legal principle that Colorado inmates – sex offender or not – have no right to parole, Mr. Kibel likely will emphasize that he is not asking the Court to order his release on parole, but instead, is merely asking that he be provided with the SOTMP treatment that he says is a prerequisite to be released. However, this argument must fail for the simple reason that an inmate generally has no liberty interest in access to a rehabilitative program. "The ability to participate in a rehabilitative prison program clearly does not implicate life or property interests. Nor is the denial of access to such programs a deprivation of a liberty interest." *Washington v. Borejon*, 324 Fed. App'x 741, 741 (10th Cir. 2009) (citing *Battle v. Anderson*, 564 F.2d 388, 403 (10th Cir. 1977)); *Handy v. Douglas*, No. 14-CV-01930-WYD-MEH, 2016 WL 1238152, at *4 (D. Colo. Mar. 30, 2016). Specifically in the sex offender treatment context, "the option to participate in a rehabilitative program like [a sex offender treatment program] is a privilege, not a right." *Sherratt v. Utah Dep't of Corr.*, 545 Fed. App'x 744, 748 (10th Cir. 2013).

Therefore, insofar as Mr. Kibel characterizes his claim as one seeking participation in the SOTMP and not the direct granting of parole, it similarly fails. Because Mr. Kibel has no liberty interest in being provided the treatment he seeks, there can be no due process violation in failing to provide him with unfettered access to it.

### C. The Tenth Circuit routinely has rejected claims that denying sex offenders unlimited access to the SOTMP constitutes a due process violation.

In light of the fact that Mr. Kibel lacks liberty interests in both being paroled and being provided with access to sex offender rehabilitative treatment, his procedural due process claim requesting an order that he be allowed immediate placement in the SOTMP must be rejected. Indeed, several decisions from the Tenth Circuit have looked at similar claims and reached that same result. For example, in *Firth v. Shoemaker*, 496 Fed. App'x 778 (10th Cir. 2012), a Colorado sex offender inmate argued that he had a liberty interest in being provided with sex offender treatment prior to reaching his minimum sentence date, so that he might be eligible for parole. The appellate court rejected that position, specifically holding that while an inmate theoretically might have a liberty interest in receiving the treatment as a requirement for parole, there was no such interest in receiving it by any specific date (*e.g.*, prior to the minimum sentence date). *Id.* at 788-89. The Tenth Circuit opinion observes that CDOC regulations – particularly AR 700-19 – allow the state to prioritize treatment based on available resources. *Id.* at 789-90 (citing and discussing AR 700-19). Notably, as explained above, that same CDOC regulation remains in effect.

Similarly, in *Sherratt*, an inmate in Utah brought a lawsuit involving a state statute that provided for an earlier parole eligibility date if sex offenders attended a sex offender treatment program. The inmate claimed that the Utah pardon board was violating his due process rights by failing to provide him with access to that program. *See Sherratt*, 545 Fed. App'x at 748-49. Once again, the Tenth Circuit rejected that argument, noting that – as is the case here – participation in the treatment program would not necessarily result in an earlier parole date, and even an inmate who had completed the program could have his parole application rejected for

8

some other reason. *Id.* at 749. The Tenth Circuit has reached a virtually identical conclusion with respect to Colorado's sex offender treatment statutory regime. *See Conkleton*, 603 Fed. App'x at 716 ("Because Colorado's parole scheme for sex offenders is discretionary... [p]laintiff does not have a constitutionally protected liberty interest in being granted parole or in receiving a favorable parole certification or recommendation.").

This analysis is consistent with authorities from other circuits and/or jurisdictions, which overwhelmingly hold that an inmate does not have a procedural due process right to unfettered access to a sex offender treatment program, even when participation is required as a condition of parole or release.[4] *See Schwartz v. Dennison*, 339 Fed. App'x 28, 30 (2d Cir. 2009); *Bartley v. Wis. Dep't of Corr.*, 258 Fed. App'x 1, 2-3 (7th Cir. 2007) (finding no liberty interest in sex offender treatment when parole is entirely discretionary); *Griffin v. Mahoney*, 243 Fed. App'x 221, 222 (9th Cir. 2007) (finding no liberty interest in sex offender treatment, even when participation in treatment necessary to parole eligibility, where release to parole is discretionary); *Saunders*, 89 Fed. App'x at 924 (Sixth Circuit authority) (same).

Lastly, Mr. Kibel likely will cite two non-precedential decisions – one published, one unpublished – from other judges in this district for the proposition that inmates have a liberty

---

[4] Indeed, as the federal court for the District of Vermont observed in a relatively recently decision: "Other courts have similarly held that prisoners do not have a liberty interest in sex offender programming." *Rheaume v. Pallito*, 2:15-CV-135-WKS-JMC, 2016 WL 3277318, at *6 (D. Vt. Apr. 20, 2016) (citing the following authorities: *Wright v. Krom*, No. 10 Civ. 3934(RO), 2011 WL 4526405, at *3 (S.D.N.Y. Sept. 29, 2011); *Blake v. Fischer*, No. 09-CV-266 (DNH/DRH), 2010 WL 2522198, at *10 (N.D.N.Y. Mar. 5, 2010); *Fifield v. Eaton*, 669 F. Supp. 2d 294, 297 (W.D.N.Y. 2009); *Bertolo v. Benezee*, 601 Fed. App'x 636, 639 (10th Cir. 2015) (adopting district court holding without further analysis); *Doe v. Heil*, 533 Fed. App'x 831 (10th Cir. 2013) (discussed in more detail below); and *Bulger v. U.S. Bureau of Prisons*, 65 F.3d 48, 49 (5th Cir. 1995)).

interest in being permitted to participate in the SOTMP, at least under certain circumstances. First, in *Beebe v. Heil*, 333 F. Supp. 2d 1011 (D. Colo. 2004), the court held that an inmate who already had begun sex offender treatment had a liberty interest in being afforded due process before being dismissed from treatment.  *Id.* at 1016-17.  That scenario is entirely distinguishable from the one before this Court, in which Mr. Kibel has not yet begun sex offender treatment in the first place.  Once an inmate begins the treatment program, he or she will have a much stronger liberty interest in maintaining participation than a non-participant will have in beginning treatment.  As the Tenth Circuit observed in *Doe v. Heil*, Judge Friendly famously once noted that "there is a human difference between losing what one has and not getting what one wants." 533 Fed. App'x at 842-43 (citing *Gonzalez-Fuentes v. Molina*, 607 F.3d 864, 882 (1st Cir. 2010) and Henry J. Friendly, *Some Kind of Hearing*, 123 U. PA. L. REV. 1267, 1296 (1975)).  The same principle applies here.

Second, in *Tillery v. Raemisch*, No. 16-cv-0282-WJM-STV, 2018 WL 4777411 (D. Colo. Oct. 3, 2018), the court disagreed with the foregoing argument concerning the narrow scope of *Beebe* and held that it extended to situations in which inmates had not yet started treatment. However, this conclusion is a departure from the Tenth Circuit precedent discussed above, as well as the previously-cited decisions from a number of other federal courts.  This Court therefore is not bound by the non-precedential decision in *Tillery*.

Moreover, a close reading of the relevant opinions in the *Tillery* case suggests several subtle but important distinctions between that matter and the dispute before the Court. Specifically, the *Tillery* court agreed that inmates do not have a liberty interest in unfettered and immediate access to sex offender treatment (citing *Firth*), but it construed the allegations in the

operative complaint as contending that the plaintiff *never* would have access. *See Tillery v. Raemisch*, No. 16-cv-00282-WJM-STV, 2016 WL 11184844, at *7 (D. Colo. Nov. 7, 2016). Here, in contrast, Mr. Kibel effectively acknowledges that he eventually will be transferred to a prison with a sex offender training program when he reaches the top of the SOTMP wait list, and he further appears to concede that AR 700-19 establishes a wait list, which prioritizes inmates for treatment.  (Doc. 25, at p. 5, ¶ 6.)

For all of the foregoing reasons, the Court should conclude that Colorado sex offender inmates do not have a liberty interest in unfettered and immediate access to the SOTMP.  While Mr. Kibel may have *some* liberty interest in *access* to sex offender treatment, he does not have a liberty interest in treatment upon demand.  As his Amended Complaint reflects, he currently is on a waiting list due to CDOC's limited resources, and he will be transferred to a facility offering the SOTMP once he reaches the top of that list.  His procedural due process claim thus fails.

## II.     Colorado inmates do not have a substantive due process right to sex offender treatment.

Defendants now address Mr. Kibel's potential substantive due process claim.  "'[T]he Due Process Clause contains a substantive component that bars certain arbitrary, wrongful government actions regardless of the fairness of the procedures used to implement them.'"  *Heil*, 533 Fed. App'x at 841 (quoting *Zinermon v. Burch*, 494 U.S. 113, 125, (1990)).  The ultimate standard for analyzing a substantive due process claim is whether the government action being challenged shocks the conscience of federal judges.  *Id.* at 843; *Ruiz*, 299 F.3d at 1183.  In the corrections context, "[p]risoners are entitled to substantive due process; but substantive-due-process rights available to free persons may be denied to prisoners if the denial bears a rational

relation to legitimate penological interests." *Reedy v. Werholtz*, 660 F.3d 1270, 1275 (10th Cir. 2011); *accord Firth*, 496 Fed. App'x at 790.

As the Tenth Circuit has noted, "where governmental actors, including prison administrators, have time for reflection and are not operating under exigent, pressurized circumstances – such as exist during a prison riot or a police car chase – they may be subjected to substantive due process liability for operating with deliberate indifference, rather than a more culpable mental state like an intent to harm." *Heil*, 533 Fed. App'x at 844 (citing *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 853 (1998)). However, deliberate indifference in the substantive due process context is a stringent standard. *See Radecki v. Barela*, 146 F.3d 1227, 1231 (10th Cir.1998). "[N]ot every instance of deliberate indifference may fairly be condemned as conscience shocking." *Heil*, 533 Fed. App'x. at 845 (quoting *Smith v. Dist. of Columbia*, 413 F.3d 86, 107 n. * (D.C. Cir. 2005)).

In order to survive dismissal of a substantive due process claim, a plaintiff must have pleaded sufficient facts so that a court could draw a plausible inference that a defendant acted with conscience-shocking deliberate indifference. *Id.* Notably, in the prison context, a showing that a prison administrator imposed "reasonable, generally applicable conditions on the admission of inmates into a therapeutic program" is highly unlikely to demonstrate the lack of care necessary to allege conscience-shocking deliberate indifference. *Id.*

As discussed above, Mr. Kibel expressly acknowledges that CDOC has promulgated an administrative regulation (AR 700-19) to govern which inmates should be prioritized for participation in the SOTMP given the limited CDOC resources available to provide treatment. (Doc. 25, at p. 5, ¶ 6.) He acknowledges that when an inmate rises to the top of the list, he or she

will be transferred to a facility that offers participation. (*Id.*) As the Tenth Circuit has observed, "[it] would be disinclined to conclude that, where a prison policy is reasonably related to a legitimate penological interest, that something about the prison administrator's promulgation and enforcement of that policy could result in a shock to the judicial conscience." *Heil*, 533 Fed. App'x at 846. There can be little dispute that the CDOC policy to establish a SOTMP priority list and methodology is reasonably related to a legitimate penological interest – *i.e.*, providing that treatment in light of a finite set of resources to do so. Therefore, based on Mr. Kibel's own allegations, the conduct in question cannot constitute the conscience-shocking deliberate indifference required for a substantive due process claim.

Finally, Defendants note that despite acknowledging that a CDOC regulation specifically governs the prioritization of prisoners for participation in the SOTMP, and also acknowledging that inmates at prisons without the program will be transferred to a facility that does offer it once they reach the top of the list, Mr. Kibel alleges without explanation that "there is no wait list; at least not in the sense that every prisoner who qualifies for treatment gets put on a list that he can eventually reach the top of in order to gain access to treatment." (Doc. 25, at p. 5, ¶ 6.) However, this assertion is purely conclusory; Mr. Kibel does not allege any specific facts to support the notion that the priority list established by AR 700-19 is not a permissible waiting list. "Such a bald and unsubstantiated allegation is 'too conclusory to permit a proper legal analysis' and cannot support a plausible constitutional challenge." *Ramirez v. Holder*, 590 Fed. App'x 780, 788 (10th Cir. 2014) (quoting *Straley v. Utah Bd. of Pardons*, 582 F.3d 1208, 1215 (10th Cir. 2009)); *see also Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1323 (10th Cir. 2010). Indeed, with respect to the SOTMP, the Tenth Circuit has held that a complaint is impermissibly

conclusory where it fails to allege facts to show that – as alleged in the operative complaint in the case – the program is not administered in a manner "reasonably related to a legitimate penological interest." *Heil*, 533 Fed. App'x at 846.  As such, any substantive due process claim must be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request Mr. Kibel's Amended Complaint be dismissed in its entirety.

Respectfully submitted this 12th day of June, 2019.

        PHILIP J. WEISER
        Attorney General

        *s/ Joshua Urquhart*
        KAREN E. LORENZ
        JOSHUA URQUHART
        Assistant Attorneys General
        Civil Litigation & Employment Law Section
        Corrections Unit
        Attorneys for Defendants

        Ralph L. Carr Colorado Judicial Center
        1300 Broadway, 10th Floor
        Denver, Colorado 80203
        Telephone: (720) 508-6659
        Facsimile: (720) 508-6632
        joshua.urquhart@coag.gov
        *Counsel of Record

## CERTIFICATE OF SERVICE

This is to certify that I have duly served the within **MOTION TO DISMISS AMENDED COMPLAINT** upon all parties herein by e-filing with the CM/ECF system maintained by the court or by depositing copies of same in the United States mail, postage prepaid, at Denver, Colorado, on June 12, 2019, addressed as follows:

Jason G. Kibel, #127289
Sterling Correctional Facility
P.O. Box 6000
Sterling, CO 80751
*Plaintiff Pro Se*

*s/ Mariah Cruz-Nanio*