IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 19-cv-00754-PAB-NYW

JASON G. KIBEL,

    Plaintiff,

v.

DEAN WILLIAMS,
MATHEW HANSEN,
CONKLIN,
LEONARD WOODSON, and
JASON GUIDRY,

    Defendants.
_____

### ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION
_____

This matter is before the Court on the Recommendation of United States Magistrate Judge Nina Wang filed on December 13, 2019 [Docket No. 44] and plaintiff's motion to waive filing fees [Docket No. 48].

The Recommendation states that objections to the Recommendation must be filed within fourteen days after its service on the parties. *See* 28 U.S.C. § 636(b)(1)(C). The Recommendation was served on December 13, 2019. No party has objected to the Recommendation.

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a

magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In this matter, the Court has reviewed the Recommendation to satisfy itself that there is "no clear error on the face of the record."[1] Fed. R. Civ. P. 72(b), Advisory Committee Notes. Based on this review, the Court has concluded that the Recommendation is a correct application of the facts and the law.

Plaintiff requests that the Court waive the filing fees because of "[d]efendants['] negligent actions in failing to place him in [] treatment" and because the fee is an "unnecessary and unwarranted burden" on plaintiff and "his plans of reintegration and rehabilitation." Docket No. 48 at 2, ¶ 2, 5. Due to plaintiff's pro se status, the Court construes his request liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991).

The Prison Litigation Reform Act ("PLRA") does not require "indigent prisoners . . . to pay federal court filing fees in full prior to initiating litigation or an appeal." *Cosby v. Meadors*, 351 F.3d 1324, 1326 (10th Cir. 2003) (citing 28 U.S.C. § 1915(b)(1)). However, the PLRA still requires that a prisoner "shall be required to pay the full amount of a filing fee." § 1915(b)(1). Congress required prisoners to pay filing fees "to reduce frivolous prisoner litigation by making all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees." *Cosby*, 351 F.3d at 1327 (quoting *In re Smith*, 114 F.3d 1247, 1249 (D.C. Cir. 1997)). Thus, "[t]he PLRA is

---

[1] This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review. Fed. R. Civ. P. 72(b).

designed to require the prisoner to bear some marginal cost for each legal activity." *Id.* (quoting *Newlin v. Helman*, 123 F.3d 429, 436 (7th Cir. 1997)).

The PLRA thus requires prisoners to pay filing fees. *See Maunz v. Mink*, No. 11-cv-02751-BNB, 2012 WL 75307, at *2 (D. Colo. Jan. 10, 2012) ("[A] prisoner who files a civil action is required to pay the entire filing fee." (citing § 1915(b)(1)); *Bradshaw v. Nafziger*, No. 07-cv-02422-MSK-BNB, 2011 WL 863548, at *13 (D. Colo. Mar. 10, 2011) ("The Court construes the mandatory language – "shall" – to prevent it from [] waiving the filing fee."). The Court also notes that plaintiff signed an authorization stating that he "understand[s] that the total filing fee of $350.00 is due and will be paid from my inmate trust fund account or institutional equivalent regardless of the outcome of this case." Docket No. 3 at 3; *see also Mays v. Martin*, No. 15-cv-00604-GPG, 2015 WL 3896844, at *2 (D. Colo. June 23, 2015) (noting that the plaintiff had signed an authorization permitting withdrawals to pay the court filing fee). The Court therefore will deny plaintiff's request to waive the filing fee.

Accordingly, it is

**ORDERED** as follows:

1. The Recommendation of United States Magistrate Judge [Docket No. 44] is accepted.

2. Defendants' Fed. R. Civ. Pro. 12(b)(1) Motion to Dismiss for Mootness [Docket No. 40] is granted.

3. Defendants' Rule 12(b)(6) Motion to Dismiss [Docket No. 27] is denied without prejudice as moot.

4. Plaintiff's motion to waive filing fees [Docket No. 48] is denied.

DATED February 5, 2020.

BY THE COURT:

S/Philip A. Brimmer
PHILIP A. BRIMMER
Chief United States District Judge